# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HERMAN TOWNSEND, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>C. HINSLEY, *et al.*, )<br>)<br>Defendants. ) | CIVIL NO. 03-237-JLF |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff filed a 76-page amended complaint (Doc. 8) against 175 employees of the Illinois Department of Corrections. That amended complaint was supplemented by voluminous exhibits. The Court painstaking worked through all of these documents, eventually distilling this action into five different counts. Pursuant to 28 U.S.C. § 1915A, the Court reviewed each claim, resulting in the dismissal of several claims and the vast majority of the named defendants. Plaintiff has been allowed to proceed on portions of three counts against a total of 34 defendants (*see* Doc. 9).

Now before the Court is Plaintiff's motion to reconsider (Doc. 11). Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits

is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (*citations omitted*). The order in question (Doc. 9) was entered in this action on April 1, 2005, but the instant motion was not filed until April 25, well after the 10-day period expired on April 15. *See* FED.R.CIV.P. 59(e). Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his motion, Plaintiff argues that the Court misunderstood his allegations and misapplied the law in evaluating some of his claims that were dismissed. This argument is

not the kind of mistake or inadvertence that may be remedied under Rule 60(b).  Therefore, the instant motion is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  July 28, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**
