IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERMAN TOWNSEND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-237-JLF |
| | ) |
| **TOMA OSMAN, et al.,** | ) |
| | ) |
| Defendants. | ) |

## AMENDED ORDER

**FOREMAN, District Judge:**

This is an Amended Order on a Report and Recommendation (Doc. 134). The Court's previous Order, (Doc. 148), on the Report and Recommendation, (Doc. 134), is **VACATED** and is replaced by this Amended Order.

Before the Court is the Report and Recommendation of Magistrate Judge Proud (Doc. 134) recommending that: 1) the motion for summary judgment filed by certain defendants (Doc. 30) be granted in part; 2) the motion for summary judgment filed by defendant J. Moore (Doc. 36) be granted; and 3) the motion for summary judgment filed by defendant James Goerge (Doc. 118) be denied. The Clerk of the Court has informed the parties of their right to file objections and of the consequences of not doing so in a timely fashion. Plaintiff and defendants James Goerge, Jake Null, and Toma Osman have objected to the Magistrate's Report and Recommendation, (Docs. 143,144), thus, the Court shall conduct a *de novo* review. *28 U.S.C. 636(b)*. After conducting a *de novo* review, this Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation of the Magistrate Judge.

The Court has conducted a *de novo* review and finds that plaintiff has not exhausted his remedies as to Counts 1(a), 1(b), 1©, 1(d), 1(f), 1(g), 2(f), 2(h), 2(m), 2(o), and 2(q).  The Court further finds that there is an issue of fact as to whether plaintiff exhausted his remedies as to Count 1(e).  Finally, the Court finds that plaintiff did not exhaust his remedies on Count 2(e) as to the other defendants, but did exhaust as to defendant Osman.  Contrary to the Report and Recommendation, however, and upon review of plaintiff's motion for reconsideration, (Doc. 153), the Court finds that plaintiff exhausted his remedies on Count 2(e) also as to defendants Clover and Taylor (See Doc. 113, Exh. 5, p.9, B14).

With regard to Count 1(e), defendants argue that plaintiff did not "substantially comply" with the exhaustion requirement.  Defendants further argue that even if plaintiff had exhausted his administrative remedies, the "substantial compliance" doctrine saves only claims, (unlike claim 1(e)), that arose before April 26, 1996, the effective date of the Prison Litigation Reform Act (PLRA).  The Court notes, however, that the issue here is not whether plaintiff substantially complied with the exhaustion requirements, rather, the issue is whether there is an issue of material fact whether plaintiff's grievance was thwarted by prison officials.  Plaintiff has submitted a grievance dated August 31, 2001, detailing his allegations of excessive force against defendants Null and Goerge on August 24, 2001 (Doc. 126, Exh. 1).  Plaintiff also alleges that after the warden denied his request for emergency processing, plaintiff submitted this grievance to a grievance officer who never responded.  As aptly noted by Magistrate Judge Proud, defendants' affidavit states

that after a prison officer processes a grievance, the grievance is placed in a master file. Here, however, this particular grievance is not contained in the master file. (Doc. 33, Exh. 1). These circumstances create an issue of fact as to whether the grievance was ever processed making summary judgment on this point inappropriate. When prison officials fail to respond to inmate grievances, administrative remedies are deemed exhausted because those remedies had become "unavailable." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Defendant also argues that plaintiff's Count 2(e) should be dismissed because it alleges a conspiracy and defendant Osman's joint conspirators are being dismissed. Count 2(e), however, alleges not only a conspiracy but also alleges that Toma Osman individually attempted to sabotage plaintiff's litigation. Furthermore, as noted, plaintiff exhausted Count 2(e) not only as to Toma Osman, but also as to defendants Clover and Taylor. Accordingly, defendants' argument is to no avail.

Based on the above, this Court **ADOPTS IN PART** and **REJECTS IN PART** the Report and Recommendation of the Magistrate Judge (Doc. 134). The motion for summary judgment (Doc. 30) is **GRANTED IN PART.** The motion for summary judgment filed by J. Moore (Doc. 36) is **GRANTED.** The motion for summary judgment filed by James Goerge (Doc. 118) is **DENIED**.

Counts 1(a), 1(b), 1©, 1(d), 1(f), 1(g), 2(f), 2(h), 2(m), 2(o), and 2(q) are **DISMISSED** without prejudice. Count 2(e) is **DISMISSED** without prejudice as to all defendants except Toma Osman, and C/O Clover and C. Taylor. The following defendants

are **DISMISSED** from this action:  C/O Odom, C/O Swetland, Lt. Clark, George Welborn, J. Johnson, B. Neighbors, D. Folsom, C/O Dillingham, R. Smith, Lois Prater, C/O Cruise, C/O Gibson, C/O B. Goins, J. Grubbs, C/O Hilliard, C/O Kizzer, C/O M. McGovern, J. Moore, C. Nix, E. Plott, C/O Serles, Captain Shields, C/O J. Studder, C/O J. Walker, and D. Wallard.

The following Counts remain pending:  Counts 1(e), 1(h), 2(d), 2(e) as to defendants Osman, Clover, and Taylor, Counts 2(s), 2(u), and Count 4.  The following defendants remain in this action: Toma Osman, J. Null, C. Taylor, R. Blair, C/O Clover, C/O J. George, C/O Nevell, C/O Rowody, C/O Sanders.

**IT IS SO ORDERED.**
**DATED:  May 25, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**