IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HERMAN TOWNSEND**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **03-237-JLF** |
| **TOMA OSMAN, et al.**, | ) ) ) |
| Defendants. | ) ) |

**ORDER**

**PROUD, Magistrate Judge**:

Before the Court is plaintiff's Motion for Sanctions. **(Doc. 138)**. The motion is directed to defendant George, who filed a response. **(Doc. 146)**.

Plaintiff seeks sanctions under **Fed.R.Civ.P. 11** because of arguments advanced by defendant in his reply to plaintiff's response to his motion for summary judgment. Defendant argued in his motion for summary judgment **(Doc. 118)** that plaintiff failed to exhaust administrative remedies. In his response **(Doc. 126)**, plaintiff argued that he filed a grievance, but that prison officials failed to respond. Defendant George then filed a reply **(Doc. 133)** in which he advanced several different arguments for the proposition that administrative remedies were not exhausted.

The Court held that there is a genuine of fact as to whether administrative remedies were exhausted as to the claim against George, and the motion for summary judgment was denied. **See, Docs. 134, 148, and 162.**

Rule 11(c) creates a "safe harbor period" as follows:

A motion for sanctions under this rule ...shall be served as provided in Rule 5, but shall

not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

**Fed.R.Civ.P. 11(c)(1)(A).**

The safe harbor period begins to run "only upon service of the motion;" the purpose of this provision is to "stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule." Advisory Committee Notes, 1983 Amendment. Compliance with the 21 day safe harbor provision is "not merely an empty formality." *Divane v. Krull Electric Co., Inc.*, 200 F.3d 1020, 1026 (7th Cir. 1999).

Here, plaintiff did not comply with the requirements of Rule 11(c) in that he did not serve the motion for sanctions 21 days before filing it with the Court. Because the procedure required by Rule 11(c)(1)(A) was not followed, the motion for sanctions must be denied.

In addition, there are substantive reasons for denying sanctions. The positions advanced in defendant's reply were arguable. Although they were not ultimately accepted by the Court, defendant's arguments were not frivolous and did not violate Rule 11.

For the foregoing reasons, plaintiff's Motion for Sanctions **(Doc. 138)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  August 11, 2006.**

    s/ Clifford J. Proud
**CLIFFORD J. PROUD
UNITED STATES MAGISTRATE JUDGE**