## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERMAN TOWNSEND,**

**Plaintiff,**

**v.**

**WARDEN C. HINSLEY, et al.,**

**Defendants.**                                    **No. 03-CV-0237-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  Introduction and Background

Pending before the Court is Defendant Clover and Taylor's motion for summary judgment (Doc, 166).  Townsend opposes the motion (Doc. 194).  Based on the record, the applicable case law and the following, the Court grants Defendants' motion for summary judgment.

On April 14, 2003, Herman Townsend, an inmate housed at the Tamms Correctional Center, filed suit against 153 Defendants alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1).  Thereafter, Townsend filed an Amended Complaint on July 16, 2003 (Doc. 9).  On April 1, 2005, District Judge Foreman conducted a preliminary review of the case pursuant to 28 U.S.C. § 1915A (Doc. 9).[1]  The Court broke Townsend's claims into 5 Counts against the

---

[1]On December 14, 2006, the case was reassigned to the undersigned District Judge (Doc. 204).

various defendants: Count 1 against Cruise, Gibson, George, Grubbs, Hilliard, Kizzer, J. Moore, Nieghbors, Null, Plott, Sanders, Shields, Smith, Studder, Walker and Wallard for use of excessive force in violation of his rights under the Eighth Amendment; Count 2 against Blair, Clark, C/O Clover, Dillingham, Drodge, Edwards, Folsom, Gibbs, Goins, Capt. J. Johnson, C/O Jordan, Kelley, Londrigan, Marsalek, McGovern, C. Moore, Morgan, Neighbors, Nix, Null, Ode, Osman, Prater, Rice, Richards, Rowody, Russell, Schmidt, Smith, Taylor, Welborn, and Wolfe for interfering with his access to the courts in violation of his rights under the First and Fourteenth Amendments; Count 3 against Nurse Jane Doe, Chandra, Elders, Grizzwald, Kate Jordan, Kelley, Marsalek, Powers, Rhodes, Richards and Walton for denying his medical treatment in violation of his rights under the Eighth Amendment; Count 4 against Newell for tampering with his food in violation of his rights under the Eighth Amendment; and Count 5 against all 153 Defendants for allowing other inmates to assault him in violation of his rights under the Eighth Amendment.  After reviewing the claims contained in the five counts, the Court dismissed in part some  of the claims contained in Count 2, dismissed the claims contained in Count 3 and Count 5 and dismissed a majority of the individual named Defendants (Doc. 9, p. 19-20).  Counts 1, 4 and portions of Count 2 survived the preliminary review by the Court.[2]

---

[2]The following Defendants were served with the summons and complaint: Blair, Clark, C/O Clover, Cruise, Dillingham, Folson, Gibson, George, Goins, Grubbs, Hilliard, J. Johnson, Kizzer, McGovern, J. Moore, Neighbors, Newell, Nix, Null, Ode, Osman, Plott, Prater, Rowody, Sanders, Serles, Shields, Smith, Studder, Swetland, Taylor, Walker, Wallard and Welborn.

The allegations against Defendants Clover and Taylor are contained in Count 2. In Count 2, Townsend claims Defendant Osman is trying to sabotage his litigation, in conspiracy with J. Johnson, Taylor, Neighbors, Folsom, C/O Clover and Welborn and that on August 5, 2002, Taylor along with Folsom, J. Johnson and Neighbors did a shake-down of his cell, confiscating legal property including copies of grievances, motions and other pleadings and that as a result he was thwarted from filing a petition for writ of certioria with the Supreme Court to challenge an adverse decision in **Townsend v. Herndon**, **Case No. 01-4055**.[3] Townsend also seeks injunctive relief to have him removed from Tamms Correctional Center and to have Defendants prevented in engaging in any action that may violate his constitutional rights.

Now before the Court is Defendants Clover and Taylor's July 13, 2006 motion for summary judgment (Doc. 166). Defendants Clover and Taylor argue that they are entitled to summary judgment because Townsend has failed to prove that Defendants violated his First Amendment rights, that he failed to prove a conspiracy, that he failed to prove the need for injunctive relief and that they are entitled to qualified immunity. That same day, Defendants Clover and Taylor also filed the notice required by **Lewis v. Faulkner**, **689 F.2d 100 (7th Cir. 1982)** (Doc. 168). Townsend filed his response to the motion arguing that the facts establish a

---

[3]**Townsend v. Herndon**, **01-4055**, was an application for Writ of Mandamus filed in the Seventh Circuit Court of Appeals on November 11, 2001. On March 29, 2002, the Seventh Circuit Court of Appeals denied Townsend's Writ of Mandamus. Thereafter on May 21, 2002, the Seventh Circuit Court of Appeals issued another Order denying Townsend's motion to file petition for rehearing or motion for reconsideration of final order.

conspiracy and that Defendants acted in retaliation for exercising his constitutional rights (Doc. 194).  Defendants filed a reply on September 8, 2006 (Doc. 195).  The Court now turns to address the merits of the motion for summary judgment.

## II.  <u>Summary Judgment</u>

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, **116 F.3d 1161, 1165 (7th Cir. 1997)(citing** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322 (1986))**.  The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, **123 F.3d 456, 461 (7th Cir. 1997)(citing** *Celotex*, **477 U.S. at 323)**.  The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Regensburger v. China Adoption Consultants, Ltd.*, **138 F.3d 1201, 1205 (7th Cir. 1998)(citing** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255 (1986))**.

In response to a motion for summary judgment, the non-movant may not simply rest upon the allegations in his pleadings.  Rather, the non-moving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, **28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd*, **51 F.3d 276 (citing** *Celotex*, **477 U.S. at 324)**.  In reviewing a summary judgment motion, the court does not determine the truth of

asserted matters, but rather decides whether there is a genuine factual issue for trial. **Dykema v. Skoumal, 261 F.3d 701, 704 (7th Cir. 2001)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249)**. The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to show a genuine issue of material fact." **Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 933 (7th Cir. 1997)(citing Anderson, 477 U.S. at 252)**.

No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson, 477 U.S. at 249-50 (citations omitted). Accord Starzenski v. City of Elkhart, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 519 U.S. 1055 (1997); Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." **Weeks, 126 F.3d at 939**.  Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. **Chiaramonte v. Fashion Bed Group, Inc., 129 F.3d 391, 401 (7th Cir. 1997)**.

### III.  Analysis

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. **Smith v. Shawnee Library Sys., 60 F.3d 317 (7th Cir. 1995); Jenkins v.Lane, 977 F.2d 266, 268 (7th Cir. 1992)**.  First, an inmate must show that prison officials failed "to assist in

the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, **977 F.2d at 268 (quoting** *Bounds v. Smith*, **430 U.S. 817, 828 (1977)).** Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, **13 F.3d 1036, 1041 (7th Cir. 1994);** *Jenkins*, **977 F.2d at 268;** *Shango v. Jurich*, **965 F.2d 289, 291 (7th Cir. 1992);** *Howland v. Kilquist*, **833 F.2d 639, 642-43 (7th Cir. 1987);** *Hossman v. Sprandlin*, **812 F.2d 1019, 1021 n.2 (7th Cir. 1987).** That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, **969 F.2d 594, 603 (7th Cir. 1992),** *cert. denied*, **113 S.Ct. 1002 (1993).** Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, **969 F.2d at 603.**

Denial of access to the courts is not actionable unless the Plaintiff has suffered an injury over and above the denial. *Walters v. Edgar*, **163 F.3d 430, 434 (7th Cir. 1998),** *cert. denied* **119 S.Ct. 2022 (1999).** The right of access to the courts is "purely instrumental to the use of the courts to obtain legal relief - so entirely lacking in intrinsic value - that if the denial has had no effect on the legal relief sought by plaintiff, no right has been violated." *Walters*, **163 F.3d at 434 (citing** *Lewis v. Casey*, **116 S.Ct. 2174 (1996)).** Therefore, in order to succeed

on a claim of denial of access to the courts, the inmate must prove that correctional officials prevented him from litigating a non-frivolous case.  **See Lewis v. Casey, 518 U.S. 343, 353 n. 3 (1996); Pratt v. Tarr, 464 F.3d 730, 732 (7th Cir. 2006); Lehn v. Holmes, 364 F.3d 862, 868 (7th Cir. 2004)**.

Liability under § 1983 requires that there be a direct, personal responsibility on the defendant's part for those acts or omissions claimed to have deprived him of his rights.  **Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982); Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981)**.  To be personally involved, defendants must act (or fail to act) with a deliberate or reckless disregard of plaintiff's constitutional rights or must direct or knowingly consent to the conduct alleged to constitute the violation.  **Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985)**.  "Section 1983 will not support a claim based on respondeat superior liability."  **Polk County v. Dodson, 102 S.Ct. 445, 453 (1981)**.  A supervisory official can be liable for his own misconduct, not that of those under his supervision.  **Duckworth v. Franzen, 780 F.2d 645 (7th Cir. 1985)**.  Thus, a supervisory official must be personally involved in the alleged conduct to be liable.  **Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)**.

"A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means."  **Bell v. City of Milwaukee, 746 F.2d 1205, 1255 (7th Cir. 1984) (quoting Hampton v. Hanrahan, 600 F.2d 600, 620 (7th Cir. 1979), rev'd in part on**

*other grounds,* **446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)**).  In order to prevail on his Section 1983 conspiracy claim, Townsend must prove: (1) an express or implied agreement among defendants to deprive him of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.  *Scherer v. Balkema,* **840 F.2d 437, 442 (7th Cir.1988);** *see also Fries v. Helsper,* **146 F.3d 452, 457 (7th Cir. 1998)**.  Although a conspiracy may be demonstrated by circumstantial evidence, "mere conjecture" of a conspiracy is not sufficient to avoid summary judgment.  *Amundsen v. Chicago Park Dist.,* **218 F.3d 712, 718 (7th Cir. 2000) ("bald assertions without any evidentiary support" failed to demonstrate a conspiracy);** *Stagman v. Ryan,* **176 F.3d 986, 995 (7th Cir. 1999) (assertions based on mere speculation or conjecture do not withstand summary judgment)**.

Here, Townsend argues that the facts demonstrate that Clover and Taylor denied him access to the law library on several occasions which caused him to miss court deadlines.  Townsend also contends that the facts (mainly the timing of the events) demonstrate that there was a conspiracy between Osman, Clover and Taylor to deny him access to the Courts.  Specifically, Townsend contends that on August 5, 2002, Taylor shook down his cell and took his legal property including copies of his grievances, A.R.B. decisions, other legal documents and his Petition for Writ of Certiorari.  Townsend also asserts that he asked Osman for a pass to the library and that he was scheduled to go on August 13, 2002.  He contends that he

asked Defendants Taylor and Clover if he was scheduled for legal property and that they said "No" and that he was not taken to his legal property that day.  Further, Townsend contends that he asked for his legal property on three occasions in August 2002 and that Defendants refused to take him until August 29, 2002.

The Court finds that Townsend failed to prove that Defendants Clover and Taylor were personally involved in a violation of Townsend's right to access the courts.   He has not shown that Defendants were aware that he had a pass to view his legal property and he has not shown that Taylor and Clover disregarded his pass to take him to view his legal property on that day.   Neither has Townsend demonstrated the Taylor and Clover prevented him for litigating a non-frivolous case.[4]  Lastly, the evidence shows that Townsend was provided access to the law library and to his legal boxes.

Next, the Court finds that Townsend's conspiracy claim fails.  First, Townsend does not provide any evidence of an agreement, express or implied between the Defendants.   Townsend also does not provide any evidence that Defendants committed any overt acts in furtherance of the conspiracy.  **See Scherer, 840 F.2d at 442 (stating that the plaintiff's damages in a civil conspiracy flows from overt acts)**.  A plaintiff cannot prevail if the defendants did not cause an injury above and beyond the torts they allegedly conspired to commit.  **See Niehus v.**

---

[4]On December 13, 2006, the Seventh Circuit Court of Appeals issued an order revoking Townsend's permission to proceed in forma pauperis on appeal finding that he had three strikes against him.  **See Townsend v. Snyder, 05-3269 (7th Cir. December 13, 2006)**.  In that Order the Seventh Circuit notes that Townsend had filed two petitions for a writ of mandamus, that both writs were denied and were frivolous.

***Liberio***, 973 F.2d 526, 531-32 (7th Cir. 1992)(noting the mootness of a civil conspiracy charge where the actual conspiracy does not inflict any harm above and beyond the torts the defendants allegedly conspired to commit).   Further, Townsend has not demonstrated that he was denied "adequate, effective and meaningful" access. ***Vasquez v. Hernandez***, 60 F.3d 325, 328 (7th Cir. 1995)(affirming summary judgment on the plaintiff's denial of access claim under Section 1983 where cover up by police did not prevent the plaintiff from filing suit).   ***See also Thompson v. Boggs***, 33 F.3d 847, 852 (7th Cir. 1994)(affirming dismissal of denial of access claim under Section 1983 because the plaintiff "was not prohibited from seeking effective and meaningful redress in court").

Lastly, the Court finds that Townsend failed to prove that he is entitled to injunctive relief.  Townsend has not proven that an ongoing constitutional violation exists. ***See Al-Alamin v. Gramley***, 926 F.2d 680 (7th Cir. 1991); ***Green v. Mansour***, 474 U.S. 64, 68-69 (1985).  He has not proven that Defendants Taylor and Clover have the authority to approve a transfer or have the authority to transfer Townsend to another correctional facility.  Moreover, Townsend does not have a constitutional right about whether or not he can be housed at Tamms or any other correctional center. ***See Meachum v. Fano***, 96 S.Ct. 2532 (1976); ***Harris v. McDonald***, 737 F.2d 662 (7th Cir. 1984); ***Shango v. Jurich***, 681 F.2d 1091 (7th Cir. 1982).  Thus, Townsend is not entitled to injunctive relief.

IV.  **Conclusion**

Accordingly, the Court **GRANTS** Defendant Clover and Taylor's motion for summary judgment (Doc. 166).  The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of Larry Clover and Carrie Taylor and against Herman Townsend at the close of the case.

**IT IS SO ORDERED.**

Signed this 5th day of March, 2007.

/s/        David   RHerndon
**United States District Judge**