IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN TOWNSEND,

Plaintiff,

v.

WARDEN C. HINSLEY, et al.,

Defendants.                                              No. 03-CV-0237-DRH

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

#### I. Introduction and Background

Pending before the Court is Defendants James George and Jake Null's motion for summary judgment (Doc. 157). Townsend opposes the motion (Doc. 164). Based on the record, the applicable case law and the following, the Court grants Defendants' motion for summary judgment.

On April 14, 2003, Herman Townsend, an inmate housed at the Tamms Correctional Center, filed suit against 153 Defendants alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Thereafter, Townsend filed an Amended Complaint on July 16, 2003 (Doc. 9). On April 1, 2005, District Judge Foreman conducted a preliminary review of the case pursuant to 28 U.S.C. § 1915A (Doc. 9).[1] The Court broke Townsend's claims into 5 Counts against the

---

[1] On December 14, 2006, the case was reassigned to the undersigned District Judge (Doc. 204).

various defendants: Count 1 against Cruise, Gibson, George, Grubbs, Hilliard, Kizzer, J. Moore, Nieghbors, Null, Plott, Sanders, Shields, Smith, Studder, Walker and Wallard for use of excessive force in violation of his rights under the Eighth Amendment; Count 2 against Blair, Clark, C/O Clover, Dillingham, Drodge, Edwards, Folsom, Gibbs, Goins, Capt. J. Johnson, C/O Jordan, Kelley, Londrigan, Marsalek, McGovern, C. Moore, Morgan, Neighbors, Nix, Null, Ode, Osman, Prater, Rice, Richards, Rowody, Russell, Schmidt, Smith, Taylor, Welborn, and Wolfe for interfering with his access to the courts in violation of his rights under the First and Fourteenth Amendments; Count 3 against Nurse Jane Doe, Chandra, Elders, Grizzwald, Kate Jordan, Kelley, Marsalek, Powers, Rhodes, Richards and Walton for denying his medical treatment in violation of his rights under the Eighth Amendment; Count 4 against Newell for tampering with his food in violation of his rights under the Eighth Amendment; and Count 5 against all 153 Defendants for allowing other inmates to assault him in violation of his rights under the Eighth Amendment.  After reviewing the claims contained in the five counts, the Court dismissed in part some of the claims contained in Count 2, dismissed the claims contained in Count 3 and Count 5 and dismissed a majority of the individual named Defendants (Doc. 9, p. 19-20).  Counts 1, 4 and portions of Count 2 survived the preliminary review by the Court.[2]

---

[2]The following Defendants were served with the summons and complaint: Blair, Clark, C/O Clover, Cruise, Dillingham, Folson, Gibson, George, Goins, Grubbs, Hilliard, J. Johnson, Kizzer, McGovern, J. Moore, Neighbors, Newell, Nix, Null, Ode, Osman, Plott, Prater, Rowody, Sanders, Serles, Shields, Smith, Studder, Swetland, Taylor, Walker, Wallard and Welborn.

The allegations against Defendants George and Null are contained in Count 1. In Count 1, Townsend claims Defendants George and Null assaulted him on August 24, 2001.

Now before the Court is Defendants George and Null's May 8, 2006 motion for summary judgment (Doc. 157). Defendants George and Null argue that they are entitled to summary judgment because Townsend has failed to prove that Defendants violated his Eighth Amendment rights by allegedly assaulting him on August 24, 2001; that his allegations of excessive force are barred by **Heck v. Humprhey, 114 S.Ct. 2364 (1994)** and **Okoro v. Callaghan, 324 F.3d 488 (7th Cir. 2003)**; that Townsend failed to prove the need of any injunctive relief and that Townsend failed to prove that Defendants are not entitled to qualified immunity. That same day, Defendants George and Null also filed the notice required by **Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982)** (Doc. 159). Townsend filed his response to the motion arguing that there are genuine issues of fact that preclude summary judgment (Doc. 164). Defendants filed a reply on June 23, 2006 (Doc. 165). The Court now turns to address the merits of the motion for summary judgment.

## II. Summary Judgment

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** ***Oats v.***

***Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986))**. The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. ***Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997)(citing *Celotex*, 477 U.S. at 323)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. ***Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986))**.

In response to a motion for summary judgment, the non-movant may not simply rest upon the allegations in his pleadings. Rather, the non-moving party must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. ***Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994),** *aff'd,* **51 F.3d 276 (citing *Celotex*, 477 U.S. at 324)**. In reviewing a summary judgment motion, the court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. ***Dykema v. Skoumal*, 261 F.3d 701, 704 (7th Cir. 2001)(citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249)**. The "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to show a genuine issue of material fact." ***Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 933 (7th Cir. 1997)(citing *Anderson*, 477 U.S. at 252)**.

No issue remains for trial "unless there is sufficient evidence favoring

the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." **Anderson, 477 U.S. at 249-50 (citations omitted)**. **Accord *Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), cert. denied, 519 U.S. 1055 (1997); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**. "[P]laintiff's own uncorroborated testimony is insufficient to defeat a motion for summary judgment." ***Weeks*, 126 F.3d at 939**. Further, Plaintiff's own subjective belief does not create a genuine issue of material fact. ***Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 401 (7th Cir. 1997)**.

In addition, **Fed. R. Civ. P. 56(e)** states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Affidavits offered "in support of or opposition to summary judgment create an issue of fact only to the extent that they provide evidence that would be admissible if offered live on the witness stand." ***Watson v. Lithonia Lighting, Nat'l Service Industries, Inc.*, 304 F.3d 749, 751-52 (7th Cir. 2002)**. Furthermore, "self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are 'without factual support in the record.' " ***Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004)(quoting *Albiero v. City of Kankakee*, 246 F.3d 927 (7th Cir. 2001))**. However, a self-serving affidavit supported by facts in the record can create

a genuine issue of material fact. ***Payne v. Pauley,*** **337 F.3d 767, 773 (7th Cir. 2003)**. The record "may include the affidavit itself, providing that the affidavit meets the usual requirements for evidence on summary judgment including the requirement that it be based on personal knowledge." ***Id.*** The trial judge has broad discretion to disregard an affidavit on summary judgment. ***See Corder v. Lucent Technologies, Inc.,*** **162 F.3d 924, 927 (7th Cir. 1998)**.

Here, it is significant to note that Townsend is proceeding pro se. Pro se complaints and pleadings are to be liberally construed. ***Estelle v. Gamble***, **429 U.S. 97, 106 (1976)**; ***Kyle II v. Patterson,*** **196 F.3d 695, 697 (7th Cir. 1999) (citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 478 (7th Cir. 1988))**. Pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." ***Henderson v. Sheahan***, **196 F.3d 839, 845-46 (7th Cir. 1999)( citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972))**.

### III.  Analysis

The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. ***See, e.g., Robinson v. California***, **370 U.S. 660, 666 (1962)**; ***Sellers v. Henman***, **41 F.3d 1100, 1102 (7th Cir. 1994)**. As the Supreme Court noted in ***Rhodes v. Chapman***, **452 U.S. 337, 346 (1981)**, the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and

punishment grossly disproportionate to the severity of the crime. ***Id.*, (quoting Gregg v. Georgia*, 428 U.S. 153, 173 (1976))**. The Constitution also prohibits punishment that is totally without penological justification. ***Gregg*, 428 U.S. at 183**.

When a plaintiff brings an excessive force claim under the Eighth Amendment, the relevant inquiry is whether prison officials used force "in a good-faith manner to maintain or restore discipline, or maliciously and sadistically to cause harm." ***Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986))**. *See also **Thomas v. Stalter*, 20 F.3d 298, 301 (7th Cir.1994); *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir.1994)**. In undertaking this inquiry, several factors are relevant to a court's analysis, including "the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that force caused to an inmate." ***Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir.2004) (citing *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir.1999))**. *Cf. **Hudson*, 503 U.S. at 7; *Whitley*, 475 U.S. at 321**. "Infliction of pain that is 'totally without penological justification' is per se malicious." ***Fillmore*, 358 F.3d at 504 (quoting *Hope v. Pelzer*, 536 U.S. 730, 737 (2002))**.

The following is Townsend's version of the events that allegedly occurred on August 24, 2001:

> "Nurse Lasely alleged that I threw feces at her which caused certain prison staff, including C/O George to threaten my life, C/O George

appeared to be having a paroxysm. On the afternoon of 8/24/01, I was released from the hospital & placed on the wing F-1; this depressed me & caused me to attempt suicide, & be placed in (4) point restraints. While I was in restraints a C/O named J. Walker who was working the hospital let an inmate in my cell to assault me while Nurse Jordan & Lt. Null watched me be attacked. On or around 11:15 p.m. while I was still restrained C/O George & C/O K. Porter entered the cell wearing masks, while releasing my right arm & left leg said C/O's [sic] began administrating blows to my face w/t closed fists, busting both of my lips & swelling my forehead. After the unexpected attack, & once C/O George released my arm I took a swing at him fending off his attack. I then began spitting blood out of my mouth which was quickly filling my throat, drops may have hit the officers, I don't know. I don't recall weather [sic] or not I had a hood on. Lt. Null then ran & dived on my head w/t a riot shield, they placed my arms back in restraints. After I was again restrained C/O George began beating me in the stomach & rib area while Lt. Null was pressing the shield down on my head & twisting it around. They called for Nurse Jordan, who had observed the entire incident, to come & check on me, she said 'there is nothing wrong w/t him.' Nurse Jane Simmons & Jackie Hamilton were also present. ... At 1:20 A.M. the same officers were back to do a second check up, I told Nurse Jane Simmons that I wished to refuse the treatment, that I was alright & didn't need my restraints checked... Nurse Jane said 'there is no refusal." Lt. Null then ran in the cell lept [sic] up off his feet & landed his body & the shield on my head. C/O's [sic] George & Porter began landing closed fisted blows & smacks to my head, stomach & legs while Lt. Null was slaming [sic] the shield down on my head repeatedly yelling "STOP RESISTING - STOP RESISTING!!!" They eventually left. At 3:20 A.M. Lt. Null cam back w/t a new shield which was harder, thicker & doubled up. He ran in the cell lept [sic] up off his feet & dived on my head w/t the shield. C/O's [sic] George & Porter ran in & repeated their tactics of punching & smacking me while Lt. Null kept slamming the shield down on my head yelling 'STOP RESISTING!!! STOP RESISTING MOTHER FUCKER!!!' Eventually they left. Lt. Null & the two C/O's [sic] came back again at 5:20 A.M. & repeated the acts set out in the foregoing paragraphs; Lt. Null ran in w/t the shield, dived on my head beating me w/t the shield while screaming; C/O's [sic] George & Porter punching and smacking me in the face, legs, & body until the got tired & left. I received no medical attention or examinations despite my requests."

(Doc. 164 ps. 2-4).

Defendants argue that Plaintiff has failed to prove any unconstitutional use of force and that any cause of action he could have is barred by **Heck** and **Okoro**. Defendants argue that Plaintiff's version of the events directly contravene the Disciplinary Reports that Townsend received concerning these events. In fact, Townsend previously indicated that he did not do anything to warrant the Defendants' alleged assaults (Doc. 158; Exhibit A, ¶ 25).[3] The Court agrees with Defendants.

In **Heck, 512 U.S. at 486-87**, the Supreme Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside. **See 512 U.S. at 486-87**. The **Heck** court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

---

[3]Townsend's own grievance as to this incident states: "On 8/24/01, on 3/11 shift C/O Walker, who worked the desk in the hospital this night, let I/M ... Foor in my cell to sexually assault me while I was in "4" point restraints straped [sic] down to the bed. Lt. Null was the Leutenant [sic]. After shift change on 8/25/01, while I was still in restraints, C/O George & C/O Potters came into the cell wearing gas masks, released my right arm & right leg & then began administering blows to my face busting both my lips & swelling my forehead! Then Lt. Null ran in the room & dived on my head w/t the single glass shield. The same thing occured [sic] 3 more times the same night by these three. They switched the single glass shield for a double glass shield & continued to beat Plaintiff every "2" hours. The nurses refused me medical attention & watched the officers beat me over & over again. Capt. Elders was notified after the first beating & refused to get me medical attention, the beatings continued even though he was aware of the situation." The relief requested by Townsend was "Make sure it does not happen again." The Counselor's response states: "You [sic] grievance was reviewed and found not to meet the requirements of an emergency grievance. C/O George provided a written response stating, 'The above allegations are false.' C/O Walker provided a written response stating, "This C/O has no knowledge of this incident, this C/O works 7-3 shift. Capt Elder provided a written response stating, 'The allegations about I/M Foor are false, C/O [sic] were wearing gas masks because I/Ms [sic] body odor was so bad. The only blows administered was from I/M Townsend. The shield was used due to I/M Townsend kept spitting on the Lt. and C/Os while entering and exiting the cell. Nurse Jordan gave I/M Townsend medical attention and stated she saw nothing. A nurse was present the entire time I/M was in 4 pt. restraints." (Doc. 164-2, p. 2).

authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." ***Id.* at 486-87**. The Seventh Circuit has clarified that the test under ***Heck*** bars a prisoner's § 1983 claim if his allegations are inconsistent with the validity of his conviction. ***Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)**. The theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility. See ***Id.*** Thus, if a plaintiff files suit under § 1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated in some manner. ***See Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir. 2003)**.

***Edwards v. Balisok*, 520 U.S. 641, 646 (1997)** extended ***Heck*** to bar claims that, if established, would necessarily imply the invalidity of a disciplinary conviction that was the basis for a deprivation of a prisoner's good time credits. ***See also De Walt v. Carter,* 224 F.3d 607, 617 (7th Cir. 2000).** ***Heck*** has been construed to apply to prison administrative rulings and discipline in general. ***Miller v. Indiana Department of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996)**.

Here, the Incident Reports and the Disciplinary Reports state that it was Townsend who was assaulting staff, not the staff assaulting Townsend (Doc. 158-2; Exhibit 1 ps. 4-7; Exhibit 2 ps. 8-14)). The Adjustment Committee found Townsend guilty of attempting to assault staff and had discipline imposed on him (Doc. 158-2;

Exhibit 3).[4] As of this date, the discipline imposed on Townsend has not been overturned. Townsend has not proven that he had the outcome of the August 24, 2001 Disciplinary Reports overturned and he has not alleged that he has filed a writ of habeas corpus. Therefore, Townsend's suit against Defendants necessarily imply the invalidity of the Disciplinary Reports he received and the disciplined imposed. The Court finds that Townsend's claims against Defendants are barred by **Heck** and **Okoro**. Accordingly, Townsend cannot proceed against Defendants and the Court grants Defendants' motion for summary judgment.

Moreover, Townsend has not demonstrated that the use of force allegedly used by Defendants was malicious and sadistic or that he suffered any serious injury. The record reveals that Townsend had to wear a Transport Hood (i.e. a spit shield) because he spits on correctional officers (Doc. 158; Exhibit A, p. 1). Around 11:20 p.m. on August 24, 2001, Defendants released Townsend's right arm and left leg from the restraints. That after his limbs were released Townsend became violent, struck the officers and was spitting towards the officers (Doc. 158-4 p. 9). The record also reveals that on August 25, 2001 at 1:20 a.m., Townsend stated that he needed medical treatment and that he did not want his restraints taken off (Doc. 164-2, p. 1). Further, the nurse's note from that time frame reveals that Townsend was agitated with the officers, that he was saying obscenities referring

---

[4] The Adjustment Committee's Final Report as to the charge of attempting to assault staff indicates that Townsend stated that he was not guilty and that they jumped him. The Adjustment Committee's Final Report as to the charge of violent assault of staff indicates that Townsend stated: "I spit on the bitch, but I did not hit the officer."

to the nurse; that he was rambling; that he talking about past lawsuits; and that he continued to spit at officers after the spit shield was taken off (Doc. 158–4 p. 10).

The medical records also reveal that Townsend sustained a swollen lip with a small cut on the inside of the lip and an injury to his left eye (Doc. 158-4, ps. 13-15). The nurse observed that Townsend's upper and lower lips were red with dry blood and that he had an edema to his left eyebrow but no redness or bruising were noted (Doc. 158-4 p.13). The nurse noted that she could not see anything wrong with Townsend's head when he pointed to the left temple area (Doc. 158-4, p. 15). On August 27, 2001, Townsend showed the doctor his lip and the doctor noted that it looked normal (Doc. 158-4 p. 23).

Moreover, the only evidence that Townsend attaches to support these wild accusations are his own declaration in response to summary judgment (Docs. 164).[5] This declaration is insufficient to defeat summary judgment. **See Buie, 366 F.3d at 503 (citations omitted) ("self-serving statements contained in an affidavit will not defeat a motion for summary judgment when those statements are 'without factual support in the record.'")**. Furthermore, Townsend's conclusory allegations in his complaint and pleadings cannot defeat summary judgment. **Fed.R.Civ.P. 56(e);** **Weicherding v. Riegel,** **160 F.3d 1139, 1142 (7th**

---

[5]Townsend also attaches 225 pages of grievances and responses to grievances (which found Townsend's grievances to be unsubstantiated) in support of his opposition to summary judgment. Only two pages of these documents relate to the August 24-25 2001 incident. The other pages relate to other alleged incidents occurring from September 2001 to the year 2006. Thus, the Court finds that these documents are not relevant to the allegations at bar.

Cir. 1998); ***Smith v. Sheahan*, 189 F.3d 529, 532 (7th Cir. 1999)**. Had Townsend sustained the beatings and assaults that he claimed he did, Townsend's injuries would have been much more severe than the ones that he suffered. Thus, the Court finds that Defendants are entitled to summary judgment on Townsend's Eighth Amendment claims.

Lastly, the Court finds that Townsend failed to prove that he is entitled to injunctive relief. Townsend has not proven that an ongoing constitutional violation exists. **See *Al-Alamin v. Gramley*, 926 F.2d 680 (7th Cir. 1991); *Green v. Mansour*, 474 U.S. 64, 68-69 (1985)**. The allegations against George and Null are for alleged past constitutional violations. He has not proven that Defendants George and Null have the authority to approve a transfer or have the authority to transfer Townsend to another correctional facility. Moreover, Townsend does not have a constitutional right about whether or not he can be housed at Tamms or any other correctional center. **See *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Harris v. McDonald*, 737 F.2d 662 (7th Cir. 1984); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982)**. Thus, Townsend is not entitled to injunctive relief.

### IV. Conclusion

Accordingly, the Court **GRANTS** Defendant George and Null's motion for summary judgment (Doc. 157). The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of James George and Jake Null and against Herman Townsend at the close of the case.

**IT IS SO ORDERED.**

Signed this 8th day of March, 2007.

/s/     David   RHerndon
**United States District Judge**
